**WO**                                                                                                       SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jerry Lee Cole,              ) | No. CV 10-1913-PHX-MHM (MHB) |
| Petitioner,         ) | **ORDER** |
| vs.                          ) |  |
| Charles L. Ryan, et al.,     ) |  |
| Respondents.        ) |  |

Petitioner Jerry Lee Cole, who is confined in the Arizona State Prison Complex-Douglas, Gila Unit, in Douglas, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. The Court dismissed the Petition with leave to amend. (Doc. 3.) Petitioner has filed a First Amended Petition. (Doc. 4.) The Court will require an answer to the First Amended Petition.

**I.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2003-014989, of third degree burglary and theft and was sentenced to a 13.5-year term of imprisonment. In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises three grounds for relief. In Ground One, Petitioner alleges vindictive or malicious prosecution in violation of his Fourth, Fifth, and Fourteenth Amendment rights. In Ground Two, Petitioner alleges insufficient evidence in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. In Ground Three, he alleges mistaken identity in

1  violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. The Court will
2  require Respondents to answer the First Amended Petition.  28 U.S.C. § 2254(a).

3  **II.    Warnings**

4      **A.    Address Changes**

5      Petitioner must file and serve a notice of a change of address in accordance with Rule
6  83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other
7  relief with a notice of change of address.  Failure to comply may result in dismissal of this
8  action.

9      **B.    Copies**

10     Petitioner must serve Respondents, or counsel if an appearance has been entered, a
11 copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a
12 certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner
13 must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to
14 comply may result in the filing being stricken without further notice to Petitioner.

15     **C.    Possible Dismissal**

16     If Petitioner fails to timely comply with every provision of this Order, including these
17 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
18 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
19 comply with any order of the Court).

20 **IT IS ORDERED:**

21     (1)    The Clerk of Court must serve a copy of the First Amended Petition (Doc. 4)
22 and this Order on the Respondent and the Attorney General of the State of Arizona by
23 certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

24     (2)    Respondents must answer the First Amended Petition within 40 days of the
25 date of service.  Respondents must not file a dispositive motion in place of an answer but
26 may file an answer limited to relevant affirmative defenses, including but not limited to,
27 statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to
28 affirmative defenses, only those portions of the record relevant to those defenses need be

1 attached to the answer.  Failure to set forth an affirmative defense in an answer may be
2 treated as a waiver of the defense.  <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006).  If not
3 limited to affirmative defenses, the answer must fully comply with all of the requirements
4 of Rule 5 of the Rules Governing Section 2254 Cases.

(3)  Petitioner may file a reply within 30 days from the date of service of the answer.

(4)  This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 5th day of January, 2011.

_____
Mary H. Murguia
United States District Judge