WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Lee Cole, | CIV 10-1913-PHX-MHM (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Petitioner Jerry Lee Cole, who is confined in the Arizona State Prison Complex-Douglas, Gila Unit, in Douglas, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the Petition with leave to amend. (Doc. 3.) Petitioner has filed a First Amended Petition. (Doc. 4.) Respondents filed an Answer. (Doc. 10.) Despite having the opportunity to do so, Petitioner has not filed a reply.

## BACKGROUND

The Arizona Court of Appeals in its memorandum decision provided the following synopsis of the facts underlying Petitioner's convictions:

> ¶2 On May 20, 2003, D.W. drove to downtown Phoenix with his son to attend a baseball game and parked his pickup truck on a side street near the ballpark. A few hours later, J.S. parked on the same street on his way to the ballgame. As he passed D.W.'s truck, he noticed a man leaning through the truck's broken window. He then saw the man walk away from the truck with a yellow case. As J.S. approached the ballpark, he reported what he had seen to a uniformed police officer.

¶3   After the game, J.S. walked back past the truck and gave a detailed description of the person he had seen earlier to the police officers investigating the break-in. Later, D.W. returned to his truck to find police officers waiting for him. He discovered that the windows on the passenger side of his truck had been smashed and his rotary laser in a yellow case, digital camera, sunglasses and Play Station had been taken.

¶4   A week later, J.S. was able to identify Defendant from a photo lineup. Defendant was subsequently charged by indictment with burglary in the third degree, a class four felony, and theft, a class three felony. On November 6, 2003, a jury convicted Defendant on both counts.

(Doc. 10, Exh. J at 2-3.)

On June 6, 2003, Petitioner was indicted in Maricopa County Superior Court Case No. CR 2003-14989 on one count of burglary in the third degree, a class 4 felony, and one count of theft, a class 3 felony. (Doc. 10, Exh. A.) The indictment alleged that on or about May 20, 2003, Petitioner had unlawfully entered into the vehicle of the victim, D.W., and stole the victim's Lazer leveler and camera, having a value of more than $3,000, but less than $25,000. (Doc. 10, Exh. A.)

On July 7, 2003, the State moved to amend the indictment to allege that Petitioner had previously been convicted of the following felony convictions:

- theft, conviction entered on January 10, 1980, in Maricopa County Superior Court Case No. CR 108776;

- unlawful use of means of transportation, conviction entered on November 18, 1980, in Maricopa County Superior Court Case No. CR 115419;

- theft, conviction entered on January 26, 1984, in Maricopa County Superior Court Case No. CR 136482-B;

- aggravated assault, conviction entered on January 26, 1984, in Maricopa County Superior Court Case No. CR 137575;

- aggravated assault, conviction entered on April 11, 1988, in Maricopa County Superior Court Case No. CR 709756;

- possession of dangerous drugs, conviction entered on May 6, 1988, in Maricopa County Superior Court Case No. CR 714080;

- trafficking in stolen property, conviction entered on August 29, 1988, in Maricopa County Superior Court Case No. CR 804528-A;

- trafficking in stolen property, conviction entered on August 29, 1988, in Maricopa County Superior Court Case No. CR 804528-A (second count);

- attempted burglary, conviction entered on April 9, 2001, in Maricopa County Superior Court Case No. CR 2000-015042;

- aggravated assault, conviction entered on August 14, 2002, in Maricopa County Superior Court Case No. CR 2002-006229.

(Doc. 10, Exh. B.) The State also filed an allegation that Petitioner had committed the instant offenses while on release on his own recognizance in Maricopa County Case No. CR 2003-011416, which alleged he had committed the offenses of burglary in the third degree, a class 4 felony, and possession of burglary tools, a class 6 felony. (Doc. 10, Exh. C.)

On November 4, 2003, a jury was impaneled, and on November 6, 2003, the jury returned verdicts of guilty on both counts as alleged in the indictment. (Doc. 10, Exhs. D, J at 3.) After the jury returned their verdicts, Petitioner admitted to being on release at the time the new offenses were committed. (Doc. 10, Exh. J at 3.) On November 20, 2003, a hearing was held on Petitioner's prior convictions, and the trial court found Petitioner had two prior felony convictions. (Doc. 10, Exh. F.) On February 18, 2004, Petitioner was sentenced to concurrent, repetitive terms of imprisonment of 12 years for the burglary offense, and 13.25 years for the theft offense; Petitioner was awarded 264 days of presentence incarceration credit. (Doc. 10, Exh. G.)

On July 29, 2004, Petitioner's appointed counsel filed an opening brief in the Arizona Court of Appeals raising the following issue: "Was Appellant's admission to having been on release when this offense was committed was not voluntarily given, and as an aggravator, does this need to be determined by a jury?" (Doc. 10, Exh. H.) On October 12, 2004, the State filed an answering brief, and on February 8, 2005, the appellate court issued its memorandum decision. (Doc. 10, Exhs. I, J.) The court found that the trial court failed to follow the procedures set forth in Rule 17 of the Arizona Rules of Criminal Procedure before accepting Petitioner's admission to being on release – whether the admission was a result of the use of force, threats, or promises, and whether Petitioner knew the admission would result in two additional years of incarceration. (Doc. 10, Exh. J at 7, 9.) The appellate court remanded the matter for an evidentiary hearing to permit the trial court to determine whether, notwithstanding the court's failure to ascertain the state of Petitioner's knowledge, Petitioner

1 had knowledge from some other source of the consequences of his admission and the rights he had waived. (Doc. 10, Exh. J at 8-9.)

On September 8, 2005, the trial court held a hearing to determine whether Petitioner was on felony release when the offenses charged in Maricopa County Superior Court Case No. CR 2003-014989 had been committed. (Doc. 10, Exh. K.) At the hearing, Petitioner admitted he was on felony release at that time, and the court found Petitioner had knowingly, intelligently, and voluntarily admitted to the State's allegation of release pursuant to Rule 604(R) of the Arizona Rules of Criminal Procedure. (Doc. 10, Exh. K.) The court also entered its order affirming Petitioner's sentences of imprisonment previously imposed on February 18, 2004. (Doc. 10, Exh. K.) On this same date, Petitioner by his signature acknowledged receipt of notice of both his right to appeal and his right to post-conviction relief. (Doc. 10, Exh. L.) The notice of rights of review was signed by Petitioner on September 8, 2005, and advised him that he had 20 days to file a notice of appeal and 90 days to file a notice of post-conviction relief. (Doc. 10, Exh. L.)

On January 17, 2006, Petitioner filed an untimely notice of post-conviction relief and a motion for extension of time to file his notice of post-conviction relief. (Doc. 10, Exhs. M, N.) In his notice of post-conviction relief, Petitioner raised the following issues:

>  (A) Ineffective assistance of trial counsel for failure to raise issue of suggestive photo line-up and move to suppress the illegal identification.
>
>  (B) Ineffective assistance of direct appeal counsel for failure to raise issue of tainted photographic lineup, where photograph[]s were suggestive and resulted in mis-identification and a wrongful conviction violating the Fourteenth Amendment (U.S.C.A.).
>
>  (C) Misconduct of prosecution [coercing] the witness.

(Doc. 10, Exh. M at 3.)

In his motion requesting an extension of time, Petitioner claimed: (1) he was "delayed in jail waiting for his return back to prison"; (2) once returned to prison, he was put in isolation until prison officials obtained approval to return him to "proper housing"; (3) he did not "receive enough legal assistance from the paralegal in a single session due to the paralegal[']s limited time with a long line of people to see one paralegal assistant"; and (4)

- 4 -

he did "not know how to file a 'notice of post-conviction relief form['] whereas defendant ha[d] to ask other prisoners to assist him in filings" to the court. (Doc. 10, Exh. N at 1-2.)

On January 30, 2006, the trial court issued its order dismissing Petitioner's notice of post-conviction relief finding it untimely. (Doc. 10, Exh. O.) The court noted that Petitioner had been advised at the time of his resentencing on September 8, 2005, that he must file the notice within 90 days of sentencing in order for the notice to be timely. (Doc. 10, Exh. O.) The court further stated:

> Rule 32.4(a) of the Arizona Rules of Criminal Procedure provide[s] that any Notice not timely filed may not [sic] only raise claims pursuant to Rule 32.1 (d), (e), (f), (g), or (h). The Defendant claims that his trial and appellate attorneys provided ineffective assistance, and the prosecutor engaged in misconduct. These claims fall under 32.1(a) and are not within the exceptions that excuse the Defendant from failing to timely file his Notice.[1]

(Doc. 10, Exh. O.)

On February 13, 2006, Petitioner filed in the trial court a motion to reconsider the court's order issued January 30, 2006. (Doc. 10, Exh. P.) In his motion, Petitioner again argued that his transfer back to the Department of Corrections had been delayed, his counsel did not aid him with the transfer, and once at the prison, he was placed in a detention unit awaiting permanent housing. (Doc. 10, Exh. P.) On March 20, 2006, the trial court ordered the State to file a response to Petitioner's motion. (Doc. 10, Exh. Q.)

On March 30, 2006, the State filed its response stating that the court's dismissal of the post-conviction proceedings was appropriate unless Petitioner could show the failure to timely file his notice of post-conviction relief was without fault on his part and that Petitioner's explanations did not illustrate that he was without fault. (Doc. 10, Exh. R at 2.) The State noted that a "notice of post-conviction relief is a fairly simple form that defendants

---

[1] Petitioner had until December 7, 2005, to timely file his notice. Petitioner's notice of post-conviction relief indicates that he signed the notice on January 10, 2006, and the motion for extension of time on January 11, 2006. (Doc. 10, Exh. M at 3; Exh. N at 2.) Applying the mailbox rule, his pleadings would still be untimely by more than a month. See Insyxiengmay v. Morgan, 403 F.3d 657, 667 (9th Cir. 2005) (under the mailbox rule, documents are deemed filed when they are delivered to prison officials for mailing).

- 5 -

1 routinely file on their own without the assistance of an attorney. The notice forms are readily
2 available in jails and prisons, and [Petitioner] has shown no reason why he could not have
3 obtained a notice in a timely manner." (Doc. 10, Exh. R at 2-3.) On April 5, 2006, the trial
4 court issued its order denying Petitioner's motion to reconsider. (Doc. 10, Exh. S.)

On April 4, 2006, one day prior to the trial court's ruling denying the motion to reconsider, Petitioner filed a second notice of post-conviction relief. (Doc. 10, Exh. T.) In this second notice, Petitioner claimed: (1) "coercive and suggestive identification tactics used were fundamental error creating a miscarriage of justice"; (2) "the failure of trial and appellate counsel to argue the admission of 'tainted fruits' also constitute[d] ineffective assistance of counsel"; and (3) his efforts to file a timely notice were hindered by the absence of his trial paperwork, his counsel failed to address his requests for assistance, and the untimely filing was not the fault of Petitioner. (Doc. 10, Exh. T at 3.)

On May 8, 2006, the trial court issued its order dismissing Petitioner's second notice of post-conviction relief. (Doc. 10, Exh. U.) The court found that Petitioner's claims that his trial and appellate counsel were ineffective "fall under Rule 32.1(a) [Ariz.R.Crim.P.]," and "are not within the exceptions that excuse defendant from failing to timely file his notice." (Doc. 10, Exh. U.) Regarding the claims that the "identification was coercive and suggestive, and the prosecutor engaged in misconduct," the court determined that Petitioner was "precluded from relief pursuant to Rule 32.2(a) because he either did or should have raised these claims on direct appeal." (Doc. 10, Exh. U.) As to the final claim that Petitioner "should be allowed to file this untimely notice because his attorney failed to assist him and provide him with his trial paperwork," the court noted that when Petitioner "was re-sentenced on September 8, 2005," he was "advised that it was his responsibility to file any Rule 32 notice within 90 days of that sentencing order in order to be timely." The court concluded that Petitioner had not shown that the failure to timely file the notice was without fault on his part, as required by Rule 32.1(f). (Doc. 10, Exh. U.)

On June 6, 2006, Petitioner filed a petition for review in the Arizona Court of Appeals requesting review of the trial court's denial of post-conviction relief. (Doc. 10, Exh. V.)

According to the record, the State did not file a response to Petitioner's pleading. On May 23, 2007, the appellate court entered its order denying review. (Doc. 10, Exh. W.)

On September 18, 2008, Petitioner filed a "Motion to File a Delayed Notice for Post-Conviction Relief of Right" in the Superior Court. (Doc. 10, Exh. X.) In this motion, Petitioner argued that he had "never enjoyed a 'P.C.R. Proceeding of Right,'" because his previously filed notices had been "dismissed as untimely." (Doc. 10, Exh. X at 4.) Petitioner requested that because he had not previously filed "a Petition" with the court, that he be granted leave to file an actual petition raising the claim of ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment. (Doc. 10, Exh. X at 4.)

On April 7, 2009, Petitioner filed in the Superior Court a "Motion Request for Status," indicating in the motion that the "court returned to Petitioner a copy of his motion to file a 'Delayed Notice of Post-Conviction Relief.'" (Doc. 10, Exh. Y.) On July 28, 2009, Petitioner filed another "Motion to File a Delayed Notice for Post Conviction Relief of Right" raising the same arguments as those raised in the motion he had filed on September 18, 2008. (Doc. 10, Exh. Z.) On February 2, 2010, the trial court entered its order denying Petitioner's motion to file a delayed notice for post-conviction relief of right. (Doc. 10, Exh. AA.) The court stated:

> A successive Rule 32 petition or notice may only raise claims pursuant to Rule 32.1 (d), (e), (f), (g) or (h). *See* Rule 32.4(a), Arizona Rules of Criminal Procedure. Defendant's claim of ineffective assistance of counsel does not fall within any of those exceptions for a successive Rule 32 petition or notice.
>
> Rule 32.2(b), Arizona Rules of Criminal Procedure, provides that an untimely or successive notice not falling within one of the exceptions "shall be summarily dismissed." A defendant must comply strictly with Rule 32 by asserting substantive grounds which bring him within the provisions of the rule in order to be entitled to any relief. *State v. Manning*, 143 Ariz. 139, 141, 692 P.2d 318, 320 (1984). ...

(Doc. 10, Exh. AA at 1.)

On September 7, 2010, Petitioner filed a Petition for Writ of Habeas Corpus claiming prosecutorial vindictiveness (Ground One); lack of evidence (Ground Two); and mistaken identity (Ground Three). (Doc. 1 at 6, 7, 8.) On October 22, 2010, the Court dismissed the petition "for failure to allege in each count the particular federal constitutional right allegedly

violated" and granted Petitioner leave to file an amended petition curing the deficiencies. (Doc. 3 at 2.)

Thereafter, Petitioner filed an Amended Petition for Writ of Habeas Corpus alleging prosecutorial vindictiveness in violation of the Fourth, Fifth, and Fourteenth Amendments (Ground One); convictions based on lack of evidence in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments (Ground Two); and mistaken identity in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments (Ground Three). (Doc. 4 at 6, 7, 8.) Respondents filed an Answer (Doc. 10), but despite having the opportunity to do so, Petitioner has not filed a reply.

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely. In the alternative, Respondents assert that Petitioner claims are procedurally defaulted. Respondents request that the habeas petition be denied and dismissed with prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at 921. A state petition that is not filed, however, within the state's required time limit is not

- 8 -

"properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055-56 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048. Moreover, filing a new petition for post-conviction relief does not reinstate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is also subject to equitable tolling in appropriate cases. See Holland v. Florida, --- U.S. ----, ----, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court's review of Petitioner's post-conviction relief proceedings reveals that Petitioner's Amended Petition for Writ of Habeas Corpus is untimely. In the instant matter, Petitioner's convictions and sentences were affirmed on September 8, 2005, after the case had been remanded to the trial court for determination of the voluntariness of his admission to having committed the offenses while on felony release. (Doc. 10, Exh. K.) On this same date, Petitioner acknowledged receipt of notice of both his right to appeal, and his right to post-conviction relief. (Doc. 10, Exh. L.) The notice of rights of review was signed by Petitioner on September 8, 2005, and advised him that he had 20 days to file an appeal, and 90 days to file a notice of post-conviction relief. (Doc. 10, Exh. L.)

Petitioner did not pursue an appeal from the resentencing hearing, and he failed to file a petition for post-conviction relief within the 90-day time limit and, therefore, his judgment of conviction became final upon the expiration of that period – which was December 7, 2005. The one-year statute of limitations began to run the next day, December 8, 2005 and expired one year later on December 8, 2006. Petitioner filed his habeas petition on September 7, 2010 – three years and nine months too late.

Petitioner's notice of post-conviction relief filed on January 17, 2006, did not toll the statute of limitations. The state court found that the petition for post-conviction relief was untimely. (Doc. 10, Exhs. O, S.) As explained in <u>Pace v. Diguglielmo</u>, the "time limits on postconviction petitions are 'conditions to filing,' such that an untimely petition would not be deemed 'properly filed.'" 544 U.S. at 413 (quoting <u>Artuz v. Bennett</u>, 531 U.S. 4, 11 (2000)). "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. ... And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz</u>, 531 U.S. at 8 (citations omitted). Untimely pleadings in state court are not "properly filed" and therefore do not statutorily toll the AEDPA's 1-year statute of limitations. "When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." <u>Pace</u>, 544 U.S. at 414.[2]

As previously indicated, the AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. <u>See</u> <u>Holland</u>, 130 S.Ct. at 2560. In <u>Holland</u>, the Court reiterated its position "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

---

[2] Petitioner's subsequent untimely notices of post-conviction relief did not serve to re-start the statutory time periods. <u>See</u> <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations); <u>see also</u> <u>Ferguson</u>, 321 F.3d at 823 (holding that section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed).

in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than ... merely 'oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citation omitted).

In his state court pleading requesting an extension of time to file an already untimely notice of post-conviction relief, Petitioner claimed he was delayed at the county jail awaiting transfer to the Department of Corrections, and that once there, he was initially put in isolation pending permanent placement into a housing unit. (Doc. 10, Exh. N at 1.) In this same pleading, Petitioner also claimed he did not "receive enough legal assistance from the paralegal in a single session due to the paralegal[']s limited time with a long line of people to see one paralegal assistant," and did "not know how to file a 'notice of post-conviction relief form['] [and] ha[d] to ask other prisoners to assist him in filings" to the court. (Doc. 10, Exh. N at 2.) However, as noted by the State in its response to Petitioner's motion to reconsider, (Doc. 10, Exh. R at 2), Petitioner failed to demonstrate that he was not without fault. As the State indicated in its pleading, a "notice of post-conviction relief is a fairly simple form that defendants routinely file on their own without the assistance of an attorney. The notice forms are readily available in jails and prisons, and [Petitioner] has shown no reason why he could not have obtained a notice in a timely manner." (Doc. 10, Exh. R at 2-3.)

In any event, a petitioner's pro per status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (reliance on another inmate to prepare and file his habeas petitions

did not relieve the petitioner of his obligation to comply with the law and did not warrant equitable tolling). Similarly, "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances" warranting equitable tolling. Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005). Additionally, negligence by counsel has not been found to qualify as extraordinary circumstances justifying equitable tolling. See, e.g., Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (attorney miscalculation of due date is not a circumstance justifying equitable tolling, even though petitioner filed his petition within time period calculated by the attorney, but 53 days after the correct AEDPA due date; the Court noted it was joining six other circuits in so holding); Malcom v. Payne, 281 F.3d 951, 962-63 (9th Cir. 2002) (no equitable tolling where counsel chose to pursue clemency and limitations period expired during that pursuit); Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002) (counsel's general negligence does not warrant equitable tolling).

Petitioner has not suggested any extraordinary circumstance that would justify equitable tolling, let alone demonstrated that an external impediment stymied the diligent pursuit of his rights. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is therefore untimely.

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 4) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of August, 2011.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge